IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CATHERINE EVANS HARVILL, | ) |
| Plaintiff, | ) No. 3:12-cv-00807 |
| v. | ) Judge Nixon |
| | ) Magistrate Judge Knowles |
| F. EVANS HARVILL and REGIONS BANK, | ) |
| | ) JURY DEMAND |
| Defendants. | ) |

## ORDER

Pending before the Court is Defendant F. Evans Harvill's Motion to Dismiss for Failure to Join an Indispensable Party and for Lack of Subject Matter Jurisdiction ("Motion") (Doc. No. 40), filed with a Memorandum in Support (Doc. No. 41.) For the reasons below, the Motion is **DENIED**.

I. BACKGROUND

*A. Factual Background*

Plaintiff Catherine Evans Harvill ("Plaintiff" of "Ms. Harvill") is a resident of Little Rock, Arkansas. (Doc. No. 13 ¶ 1.) Ms. Harvill alleges that she is the beneficiary of a trust settled by her mother, Peggy D. Harvill. (*Id.* ¶ 4.) Defendant Regions Bank ("Defendant Regions" or "Regions") is the trustee of the Peggy D. Harvill Trust ("Trust"), and operates in both Arkansas and Tennessee. (*Id.* ¶ 3.) Defendant F. Evans Harvill ("Defendant Harvill" or "Mr. Harvill"), a Clarksville, Tennessee resident, is Peggy Harvill's widower and held a power of attorney for his late wife. (*Id.* ¶¶ 2, 5.)

Plaintiff alleges that on May 6, 2004, while Peggy Harvill was in a vegetative state, Mr. Harvill drafted an amendment to the Trust ("Amendment"). (*Id.* ¶¶ 13–18.) The Amendment

1

directed that "Catharine Evans Harvill, now Mrs. Kevin McKiever, shall receive no distribution under this Trust . . . unless and until the Trustee has first received a written Affidavit signed by [Plaintiff] stating that she has severed all personal, physical, emotional, financial and any relationship whatsoever with one, Christoph Hrdina." (Doc. No. 1 ex. 2.) Further, the Amendment directed the Trustee to "verify the truth and veracity of the Affidavit," and provided that if Plaintiff did not satisfy the conditions of the Amendment, her interests in the Trust were to go to Kevin McKiever ("Mr. McKiever"), Plaintiff's then-husband. (*Id.*)

Plaintiff contends that she was unaware of the Amendment until at least October 2011, when Regions informed Mr. McKiever that he was a beneficiary of the Trust. (*See* Doc. No. 13 ¶¶ 32–35.) Mr. McKiever then allegedly obtained trust documents and turned them over to Plaintiff. (*Id.*) On March 23, 2012, Plaintiff received a letter from Regions informing her that she is not a beneficiary of the Trust. (*Id.* ¶ 36.)

Plaintiff alleges that Defendants "conspired to conceal" the Amendment, and as a result, that she had no opportunity—upon her mother's death—to challenge the validity of the Amendment. (*Id.* ¶¶ 28, 31.) Based on these allegations, Plaintiff advances the following causes of action: (1) a request for a declaratory judgment finding that the Amendment to the Trust is "an unreasonable restraint on marriage and therefore void as against public policy" (*id.* ¶ 38); (2) a claim for breach of fiduciary duty against the Trustee, Defendant Regions Bank (*id.* ¶¶ 39–46); (3) a claim for undue influence against Mr. Harvill on the grounds that Peggy Harvill was incapable of communicating to him her intentions an intent to amend the Trust (*id.* ¶¶ 51–54); (4) a claim for fraudulent concealment against Defendants Regions and Mr. Harvill for conspiring to conceal the Amendment (*id.* ¶¶ 56–57); and (5) a punitive damages claim against Regions for fraudulent misrepresentation (*id.* ¶¶ 48–49).

Defendant Mr. Harvill now brings the instant Motion arguing that Mr. McKiever is an indispensable party under Federal Rule of Civil Procedure 19(a), and that in his absence, this case should be dismissed. (Doc. No. 40.)

*B. Procedural History*

Plaintiff filed a Complaint in the United States District Court for the Eastern District of Arkansas on May 29, 2012 (Doc. No. 1), and later filed an Amended Complaint on July 5, 2012 (Doc. No. 13). On June 20, 2012, Defendant Harvill filed a Motion to Dismiss or in the Alternative to Transfer Venue. (Doc. No. 5.) Defendant Regions followed with a similar motion on June 26, 2012. (Doc. No. 9.) On August 3, 2012, the case was transferred to this district. (Doc. Nos. 26; 27.) The instant Motion was then filed by Defendant Harvill on August 29, 2012 (Doc. No. 40), with a Memorandum in Support (Doc. No. 41). Defendant Regions filed a Response in Support of the Motion to Dismiss on September 4, 2012 (Doc. No. 45.) Plaintiff filed a Response in Opposition on September 12, 2012 (Doc. No. 49), with a Memorandum in Support (Doc. No. 50). Defendant Harvill then filed a Reply (Doc. No. 56) on September 18, 2012, to which Plaintiff filed a Sur-Reply (Doc. No. 57-1) on September 26, 2012.

## II. STANDARD OF REVIEW

In *Glancy v. Taubman Centers, Inc.*, 373 F.3d 656 (6th Cir. 2004), the Sixth Circuit set out a three-part test to determine whether a case must be dismissed for failure to join an indispensable party:

> First, the court must determine whether the person or entity is a necessary party under Rule 19(a). *See Temple v. Synthes Corp.*, 498 U.S. 5, 8, (1990) (establishing that Rule 19(b) inquiry is required only if party satisfies the threshold requirements of Rule 19(a)). Second, if the person or entity is a necessary party, the court must then decide if joinder of that person or entity will deprive the court of subject matter jurisdiction. *W. Md. Ry. Co. v. Harbor Ins. Co.*, 910 F.2d 960, 961 (D.C. Cir. 1990) ("If the absentee should be joined, can the absentee be joined?"); 4 *Moore's Federal Practice* § 19.02[3][b], at 19-18 ("If the absentee is necessary the next question is

3

whether joinder of the absentee is feasible."). Third, if joinder is not feasible because it will eliminate the court's ability to hear the case, the court must analyze the Rule 19(b) factors to determine whether the court should "in equity and good conscience" dismiss the case because the absentee is indispensable. *W. Md. Ry. Co.,* 910 F.2d at 961 ("If the absentee cannot be joined, should the lawsuit proceed without [him or] her nonetheless?"); 4 *Moore's Federal Practice* § 19.02[3][c], at 19-20 ("Once a necessary absentee's joinder is found infeasible, the court has only two options: to proceed or dismiss."). Thus, a person or entity "is only indispensable, within the meaning of Rule 19, if (1) it is necessary, (2) its joinder cannot be effected, and (3) the court determines that it will dismiss the pending case rather than proceed in the case without the absentee." 4 *Moore's Federal Practice* § 19.02[3][c], at 19-22.

Rule 19 is not to be applied rigidly, but is meant to guide the Court in considering such factors as "the defendant's interest in wishing to avoid multiple litigation or inconsistent obligations, the parties' interest in complete and effective adjudication, absentees' interests in protecting rights which may be affected by the judgment, and the public interest in judicial economy." *JTG of Nashville, Inc. v. Rhythm Band, Inc.*, 693 F. Supp. 623, 625–26 (M.D. Tenn. 1988) (internal citations omitted).

### III. ANALYSIS

Defendants move to dismiss this case for failure to join an indispensable party.[1] (Doc. No. 40.) Defendants contend that Mr. McKiever is an indispensable party, and that Plaintiff failed to include him as a defendant to this action because doing so would defeat the Court's diversity jurisdiction. (*Id.*)

Specifically, Defendants argue that Mr. McKiever is a necessary and indispensable party because of his "significant stake in this action." (Doc. No. 41.) Defendants assert that determining whether Mr. McKiever or Plaintiff is the true beneficiary is a central issue in this case and argue that he would be prejudiced by nonjoinder because "Plaintiff's primary cause of action . . . would divest [him] as trust beneficiary." (*Id.* at 6.) Further, Defendants argue that inconsistent judgments

---

[1] Although it is not clear in the Motion, the Court presumes that the Motion is brought under Federal Rule of Civil Procedure 12(b)(7), which allows a claim to be dismissed for failure to join an indispensable party under Rule 19.

4

could result if Mr. McKiever later brings suit for a declaration that he is a beneficiary of the Trust, and that the Court cannot craft a complete judgment because—as a non-party—Mr. McKiever will not be bound by it. (*Id.*) Finally, Defendants argue that the Plaintiff would have an adequate remedy in state court, and that state court would be the preferable forum because of the public policy issues implicated in this case. (*Id.* at 6–7.)

Plaintiff responds that Mr. McKiever is not a necessary party because "he has taken no steps whatsoever to assert an interest in either the subject matter of this case or the case itself." (Doc. No. 50 at 4.) Plaintiff further argues that Mr. McKiever has indicated that he "does not intend to seek an interest in this matter," and that "there is no reason why complete relief cannot be granted to persons already parties to this lawsuit." (*Id.*) Plaintiff disputes that she would have an adequate remedy in state court, arguing that Mr. McKiever would not be subject to the personal jurisdiction of state courts in Tennessee. (*Id.* at 6–7).

The Court proceeds to consider whether Mr. McKiever is a necessary party in this case, and if so, whether he is indispensable, such that the case should not proceed in his absence.

A. Necessary Party

Under Rule 19(a)(1), an absent party is necessary to an action and should be joined, if feasible, when:

> (A) in the person's absence, the court cannot accord complete relief among existing parties, or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). The Supreme Court has described necessary parties as persons who should be made parties so that the court may "finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." *Shields v. Barrow*, 58 U.S. 130, 139 (1854).

5

Several cases have held that, generally, all trust beneficiaries are persons necessary for actions relating to trust administrations or trust assets. *See Walsh v. Centeio*, 692 F.2d 1239, 1243 (9th Cir. 1982) ("As a general rule, all beneficiaries are persons needed for just adjudication of an action to remove trustees and require an accounting or restoration of trust assessts."); *Tick v. Cohen*, 787 F.2d 1490, 1494 (11th Cir. 1986).

Courts have also routinely held that in order for a party to be necessary, she must first "actually claim" an interest in the subject matter of the suit. *See Faunce v. Bird*, 210 F.R.D. 725 (D. Or. 2002); *United States v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999) (finding that joinder is contingent upon the absent party actually claiming an interest in the matter); *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1044 (9th Cir. 1983) (same). The requirement in these cases mirrors that of Rule 19(a)(1)(B), which appears to demand more than a finding that the absent party may have an interest, but instead affirmatively requires that the absent party *claim* the interest. *See* Fed. R. Civ. P. 19(a)(1)(B).

Under Rule 19(a)(1)(A), the Court finds that Mr. McKiever's presence is not necessary in order to accord complete relief among the existing parties. The claims in this case center on whether the 2004 Amendment to the Trust is invalid either as against public policy or because of the exercise of undue influence on the settlor, as well as allegations that the existing Defendants attempted to conceal the Amendment, or breached fiduciary duties to Plaintiff. (*See* Doc. No. 13.) The Court does not believe that Mr. McKiever's participation is necessary for resolution of any of these claims. It appears to the Court that each claim will be adequately defended by one or both of the existing Defendants. Mr. Harvill, if not Regions as well, will presumably defend the position that the Amendment was valid, regardless of whether Mr. McKiever is a participant. There is also no allegation that Defendant had anything to do with the creation of the Amendment, aside from

6

being added as a substitute beneficiary. Thus, the Court should be able to make a determination regarding the Amendment's validity in Mr. McKiever's absence. Further, the Court has no reason to believe that Mr. McKiever's participation is necessary for Defendants to defend against Plaintiff's concealment and fiduciary duty claims. Accordingly, the Court finds that it can accord complete relief among the existing parties under Rule 19(a)(1)(A).

Rule 19(a)(1)(B) also counsels a finding that Mr. McKiever is not a necessary party, as there is no indication that he has claimed any interest in the Trust, or that he wishes to be involved in this litigation. In fact, Plaintiff asserts that Mr. McKiever has affirmatively disclaimed any interest in this suit. (*See* Doc. No. 50 at 4.) In her Amended Complaint, Plaintiff pleads that she learned of the Amendment in 2011 only after Mr. McKiever told her that he had been informed he was a beneficiary of the Trust. (*See* Doc. No. 13 ¶¶ 32–35.) Following this revelation, Mr. McKiever requested a copy of the trust instruments and gave them to Plaintiff. (*Id.*) In her Response to the instant Motion, Plaintiff further avers that Mr. McKiever is "aware of the lawsuit," "has made no claim regarding the Amended Trust," has not received or demanded any benefit from the Trust, and has indicated to Plaintiff's counsel "that he does not intend to seek an interest in this matter." (Doc. No. 50 at 4.)

Defendants do not dispute the veracity of Plaintiff's assertions, but merely argue that the Court should not consider them because they are largely from outside the Complaint. (Doc. No. 56 at 2–3.) The Court is not restricted to the allegations of the Complaint in considering a motion to dismiss for failure to join an indispensable party. See *Dumann Realty, LLC v. Faust,* 267 F.R.D. 101, 101 n. 1 (S.D.N.Y. 2010) ("when reviewing a motion to dismiss for [failure to join an indispensable party], the court may consider documents and facts outside the pleadings"). However, even if the Court considered only the allegations in the Amended Complaint, there is still

7

no indication that Mr. McKiever has claimed an interest in the subject matter of this case. Further, there is no reason for the Court to doubt that Mr. McKiever is aware of this nearly year-old litigation. As the current beneficiary of the Amended Trust, it would be illogical to believe that the Trustee, Regions, has not informed Mr. McKiever of this suit. Presuming then, that Mr. McKiever is aware of the litigation, there is no reason to doubt Plaintiff's assertion that Mr. McKiever has made a conscientious choice not to participate, thereby waiving his right to intervene. Thus, the Court finds that under Rule 19(a)(1)(B), Mr. McKiever is not a necessary party, and it is unnecessary to proceed with the second and third steps of Rule 19 analysis.

## IV. CONCLUSION

Because his participation is not necessary to accord complete relief to the existing parties on the claims currently before the Court, and because he has claimed no interest in the subject matter of this case, the Court finds that Mr. McKiever is not a necessary party under either Rule 19(a)(1)(A) or (B). Accordingly, Defendant Harvill's Motion to Dismiss (Doc. No. 40) is **DENIED**.

It is so ORDERED.

Entered this 27th day of March, 2013.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

8