IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CATHERINE EVANS HARVILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| ) | CASE NO. 3:12-00807 |
| vs. ) | JUDGE NIXON/KNOWLES |
| ) | |
| ) | |
| F. EVANS HARVILL and ) | |
| REGIONS BANK, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court upon a "Motion to Stay Discovery" filed by Defendant F. Evans Harvill. Docket No. 79. The Motion seeks to stay discovery "pending the resolution of [Defendant Harvill's] Motion for Summary Judgment (Doc. No. 73) or, at the very least the resolution of Plaintiff's Motion for Leave to File Her Second Amended Complaint (Doc. No. 69)." Docket No. 79, p. 1. Judge Nixon has orally referred the Motion to the undersigned for decision.

The Sixth Circuit has held that a stay of discovery may be appropriate pending the resolution of a Motion for Summary Judgment. *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund,* 349 F.3d 300, 304 (6th Cir. 2003). In *Gettings,* the District Court stayed discovery pending a motion for summary judgment, and the Sixth Circuit affirmed. As the Sixth Circuit stated, "[l]imitations on pretrial discovery are appropriate where claims may be dismissed based on legal determinations that could not have been altered by any further discovery." *Id.*

Defendant Harvill has previously filed a Motion for Summary Judgment and supporting materials. Docket Nos. 73-76. That Motion is pending before Judge Nixon.

The undersigned has recently submitted a Report and Recommendation recommending that Plaintiff's Motion for Leave to File Second Amended Complaint be denied because it would be futile. Docket No. 113.

Plaintiff has filed a Response in Opposition to the Motion and the affidavit of her counsel pursuant to Rule 56(d). Docket Nos. 88, 88-2. Plaintiff relies in large part upon Rule 56(d) which states:

> If a non-movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

In her opposition, Plaintiff argues:

> The Sixth Circuit has set out five factors that a court should consider when deciding a Rule 56(d) motion: (1) whether the party seeking discovery learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would change the ruling; (3) how long the discovery period lasted; (4) whether the party seeking discovery was dilatory in its discovery efforts; and (5) whether the non-moving party was responsive to discovery requests.

Docket No. 88, p. 2-3, citing *HCA-Info. Tech. & Servs. v. Informatica Corp.*, 2011 U.S. Dist. LEXIS 123240 (October 25, 2011).

Plaintiff proceeds to argue that all five factors weigh in her favor.

As Plaintiff also recognizes, however, "a party seeking relief under Rule 56(d) must file

2

an affidavit that explains 'the need for discovery, what material facts may be uncovered, and why the information has not previously been discovered.'" *Informatica* at *6-7 quoting *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004). In *Everson v. Leis*, 556 F.3d 484, 493 (6th Cir. 2009), the Court stated:

> Bare allegations or vague assertions of the need for discovery are not enough under Rule 56(f). . . . To fulfill the requirements of Rule 56(f), [Plaintiff] (through counsel) had to describe with some precision the materials he hopes to obtain with further discovery, and exactly how he expects those materials would help him in opposing summary judgment.

556 F.3d at 493 (citations and internal quotation marks omitted).[1]

In *United States v. Dairy Farmers of Am., Inc.*, 426 F.3d 850, 863 (6th Cir. 2005), the Court referred to its instruction that "a party opposing a summary judgment motion on Rule 56(f) grounds must indicate to the district court 'what material facts it hopes to uncover.'" (Citation omitted.)

In *Informatica*, the Court determined that defendant, which was opposing the summary judgment motion filed by plaintiff, had set forth the discovery it needed "with adequate precision . . . ." *Id.* at *17. The Court noted that the

> supporting Declaration of Defendant's counsel specifies that Defendant needed to discover five pieces of information: (1) the date and manner that Plaintiff first created or installed more than one repository, (2) the communications of Defendant's employees that Plaintiff claims authorize multiple repositories; (3) the identity and authority of Defendant's employees that Plaintiff new about the multiple repositories, (4) the ongoing nature of Plaintiff's alleged breach, and (5) whether Plaintiff had a good faith belief

---

[1] In 2009, Fed. R. Civ. P. 56 was amended, and the former Rule 56(f) became Rule 56(g). Some of the cases construing the Rule, therefore, refer to Rule 56(f), rather than Rule 56(g).

3

that it was authorized to recreate multiple repositories. *Id.* at *16-17.

In contrast to the detailed declaration in *Informatica*, the affidavit of Plaintiff's counsel in the case at bar fails to specify particular facts that she expects to uncover. The affidavit states in relevant part:

> 2. Plaintiff needs additional time to discover information in this case. Depositions and discovery of documents from Defendant Harvill are necessary in order to adequately address Defendant Harvill's Motion for Summary Judgment. This additional discovery may lead to other depositions and documents required to evaluate these issues.
>
> 3. The issues of whether Defendant Harvill abused his power as attorney-in-fact for either Peggy Harvill or Catherine Harvill for his own financial gain are questions of fact that need to be further investigated through discovery.
>
> 4. Plaintiff asserts that in making discretionary distributions to F. Evans Harvill, Defendant Regions did not take into consideration Defendant Harvill's own resources. The amount and extent of Defendant Harvill's resources should have been discerned from his income tax returns and financial statements. It is necessary for Plaintiff to have access to Defendant Harvill's income tax return to determine the extent of his resources at the time that Regions was making these discretionary distributions.
>
> 5. Plaintiff also alleges that distributions by Regions to F. Evans Harvill were in fact distributions to Sherri Harvill. These are factual questions that require more discovery.

Docket No. 88-2, p. 1-2.

It can readily be seen that the affidavit of Plaintiff's counsel does not address the *facts* she allegedly needs to uncover through discovery with the requisite specificity; rather, the affidavit speaks in general terms about issues of law. Paragraph 2 specifies no facts whatsoever to be discovered. Paragraph 3 regarding Defendant Harvill's alleged "abuse of power" as attorney-in-

4

fact again relates to a question of law, not of fact. As the undersigned discussed in a recent Report and Recommendation (Docket No. 113), Mr. Harvill's authority to revise the Trust Agreement is plainly set forth in the power of attorney and the Trust documents. It is unclear what facts Plaintiff could present to show some alleged abuse of power. Moreover, Plaintiff's only argument with regard to an alleged abuse of power concerning his Power of Attorney for Peggy Harvill relates solely to the issue of whether he owed a duty to disclose the Trust amendment to her. It does not specify facts to be discovered.

Moreover, the affidavit fails to explain how any facts she might hope to uncover would affect the Court's ruling on Defendant's Motion for Summary Judgment. For example, paragraph 4 of the affidavit appears to be addressed primarily to Defendant Regions Bank, not to Defendant Harvill. There is no question that the Trustee had the power to make "discretionary" distributions to Mr. Harvill. If Defendant Regions, in its discretion, did not take into consideration Mr. Harvill's own resources, that fact does not support any claim Plaintiff might have against Mr. Harvill. Similarly, Plaintiff's allegation in paragraph 5 of the affidavit that distributions "by Regions" to Mr. Harvill were in fact distributions to Sherri Harvill again focuses more on Regions than on Mr. Harvill.

Finally, much of the discovery Plaintiff apparently wishes to conduct is not relevant to the claims or defenses of the parties. In this regard, the Court also notes that the operative complaint in this action (Docket No. 13) does not set forth facts to support allegations that: (1) Mr. Harvill abused his power as attorney-in-fact for either Peggy Harvill or Catherine Harvill for his own financial gain; (2) Regions did not take into consideration Defendant Harvill's resources in making discretionary distributions to him; or (3) distributions by Regions to Mr. Harvill were in

5

fact distributions to Sherri Harvill. The Supreme Court has made clear that a plaintiff must set forth factual allegations supporting his claims in the Complaint; a plaintiff cannot file a general Complaint alleging merely legal conclusions and attempt to use discovery to fill in the facts. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citations omitted) ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading of a prior era, but it does not unlock the door to discovery for a plaintiff armed with nothing more than conclusions").

Without expressing any opinion as to the merits of Mr. Harvill's pending Motion for Summary Judgment, the Court believes this is an appropriate case to stay discovery pending the resolution of that Motion. Therefore, discovery is STAYED pending the resolution of Defendant Harvill's Motion for Summary Judgment.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge